## In re VERMONT REAL ESTATE INVESTMENT TRUST, Debtor.

### Bankruptcy No. 82–00033.

United States Bankruptcy Court, D. Vermont.

Nov. 1, 1982.

Wyman Smith, as trustee of the Debtor.

Ronald A. Fox, Montpelier, Vt., for Charles Crowell and Crowell England and Co.

David Putter, Montpelier, Vt., for Elizabeth Gentile.

James F. O'Neill, for Howard Bank, Administrator for the Sawyer Estate.

Douglas J. Wolinsky, Burlington, Vt., for Committee of Unsecured Creditors.

William B. Gray, Rutland, Vt., for Margaret Baird.

William A. Fead, Burlington, Vt., for Shareholders' Committee.

Hiram Hunn, Plainfield, Vt., for Cody Management Ass'n, Inc.

## MEMORANDUM AND ORDER ON THE APPLICATION OF CODY MANAGEMENT ASSOCIATION, INC. FOR AN ORDER DIRECTING PAYMENT AND SATISFACTION OF THE LIEN OF THE CITY OF MONTPELIER

CHARLES J. MARRO, Bankruptcy Judge.

The Debtor filed for Relief under Chapter 11 on February 16, 1982.

Cody Management Association, Inc., as lessor of property to the Debtor, has applied to the Court for an Order directing the Debtor to pay and satisfy the lien of the City of Montpelier. The basis for the lien was for expenses incurred for the removal of a dangerous building from the leasehold premises. The City of Montpelier incurred these expenses when the Debtor-in-possession failed to remove the building, although such removal had been ordered by the City. The Court in making its ruling has reviewed the facts of the case, the lien, and the applicable law, and finds that these costs should be treated as administrative expenses of the estate under 11 U.S.C. § 503(b)(1)(A).

On October 15, 1982, a hearing was held on the instant Application. As set forth in the application, the Debtor entered into a lease with Cody Enterprises, Inc., the Applicant's predecessor in interest, on March 30, 1981. The lease covered the land and building situated at the northeasternly corner of East State and Main Streets in the City of Montpelier, Vermont.

Subsequent to the execution of the lease, the Debtor filed its petition for reorganization. However, since the commencement of the reorganization, the Debtor has kept and retained the lease and the leasehold, despite the filing and later withdrawal of a petition to reject the unexpired lease.

On March 12, 1982, a part of the leasehold premises collapsed due to the weight of accumulated snow, and such collapse created a dangerous condition. By written notice, the City of Montpelier ordered the Debtor in possession to make the situation safe on March 17, 1982, which the Debtor proceeded to do. Thereafter, the Debtor was ordered to demolish the remainder of the collapsed building; remove the debris; and fill the remaining cellar hole. Bids were sought to complete the ordered work, which resulted in the lowest bid of $8,500.00.

At a hearing on May 3, 1982, on the petition to reject, which was at that time pending, the matter of compliance with the City of Montpelier's order and the payment of $8,500.00 was raised. This Court, after due inquiry, instructed the Debtor, through

its Counsel, to comply with the order and make the necessary payment. On July 7, 1982, the City of Montpelier proceeded with the work due to the Debtor's failure to comply. The City then notified the Debtor and Cody Management Association, Inc. of the lien it asserted against the leasehold premises, to secure the $8,500.00 payment.

Section 503(b)(1)(A) of the Code states:

(b) After notice and a hearing, there shall be allowed, administrative expenses . . . including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencment of the case . . .

While there is no doubt that the $8,500.00 in question is not a wage, salary or commission, there should further be no doubt that it was an actual, necessary cost and expense of preserving the estate. As discussed in 3 *Collier on Bankruptcy,* ¶ 503.04[1][a] (15th ed. 1981);

"It follows, therefore, that while wages, salaries or commissions for services rendered after the commencement of the case are expressly included within the phrase 'actual, necessary costs and expenses of preserving the estate,' it does not mean that there are not allowable as administrative expenses within section 503(b)(1)(A), other costs and expenses."

See also 3 Collier 15th Ed. at page 503–16:

"Proper rules of preservation might require approval of outlays for repairs, upkeep, freight and many other kinds of expenses. Their recognition, however, as administrative expenses, depends upon their necessity and while views may differ in this respect, it might be necessary that the trustee first ascertain whether a contemplated expenditure is actually necessary."

The debtor in possession has the same rights and duties as a trustee. Section 1107 of the Bankruptcy Code.

In the instant case the work ordered and subsequently performed by the City of Montpelier was not only necessary for the preservation of the leasehold as part of the debtor's estate but it was also a matter of necessity for the safety and welfare of the public in general. Therefore, the expenditure of the $8,500.00 for the work ordered by the City of Montpelier is a proper administrative expense of the estate.

ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. That the application of Cody Management Association, Inc. for an order directing payment and satisfaction of the lien of the City of Montpelier is GRANTED.

2. The debtor shall make payment of the sum of $8,500.00 in satisfaction of the City of Montpelier lien within 10 days from the date of this order.